[No. 2901.]

## Elojo Gonzales v. The State.

1. AGGRAVATED ASSAULT AND BATTERY—VENUE—EVIDENCE.—The record, on appeal, must show that the venue of the offense was established by evidence; otherwise a conviction cannot stand.

2. SAME—EVIDENCE.—A State's witness was permitted, over objection, to state what the prosecuting witness told him about the alleged assault the day after it occurred; and, in testifying about blood spots he saw upon the floor, to state what the prosecuting witness said to him as to how they came there. *Held*, error, as being clearly hearsay, and no part of the *res gestæ*, nor otherwise competent.

3. SAME.—The prosecuting witness having stated, on cross-examination, that she was induced by the county attorney to make complaint against the defendant in this case, it was proper to admit, on behalf of the State, evidence to rebut and contradict the witness as to such statement.

APPEAL from the County Court of Tom Green. Tried below before the Hon. Joseph Spence, junior, County Judge.

A fine of twenty-five dollars was assessed against the appellant, upon his conviction for an assault and battery upon one Ollie Clayton. The information alleged that the offense was committed on the thirtieth day of June, 1883, in Tom Green county, Texas.

Ollie Clayton was the first witness for the State. She testified that she knew the defendant, and had lived with him in his house for about three and a half years. On the morning of June 30, 1883, the witness went home very early, having been out all night the night before. She found the defendant in bed, very drunk. Defendant asked the witness where she had been all night; to which inquiry the witness replied to the defendant that it was none of his business. Thereupon defendant struck

witness in the face with his hand, and kicked her on the lip with his foot. Defendant was a grown man, but witness did not know his age.

On her cross-examination, the witness said that during the quarrel she said and did a great many things to the defendant. She did not feel that she was bound to tell all that she said and did. Previous to this difficulty, the defendant had been kind and good to witness. He had never before mistrusted or ill treated her, and would not have done so on this occasion had he been sober. Witness and defendant were not married, but lived together. This witness stated, on cross-examination, that she would not have prosecuted the defendant but for the county attorney.

The testimony of James D. Spears, a witness for the State, was admitted, over objections of defendant. He stated, in substance, that the complainant came to him on Sunday morning, July 1, 1883, crying, and requested witness to keep a Mexican from beating her. Witness asked her what Mexican, and she replied: "Elojo Gonzales." Witness asked her then if Gonzales was still at the house. She replied that he was not; that he had left. She then asked witness what she could do about it. Witness asked her what she wanted to do. She replied that she wanted him arrested, and witness told her that, to secure his arrest, she would have to make a complaint against him. She went home, and witness afterward went to the house where she was staying. She showed witness some blood stains on the floor, and said that the blood came from her mouth when defendant kicked her. Defendant was not then present. Ollie said that he had gone down town.

County attorney Cassius Carter, over objection of the defendant, testified, for the State, that Ollie Clayton came to him on or about the morning of June 30, 1883, and told him that she wanted to file an affidavit against the defendant. She stated facts to witness upon which he based the affidavit first filed in the county court. Upon exceptions raised, that affidavit was dismissed, and the witness went to Ollie Clayton and told her what had been done with it, and that, if she would go with witness to his office, he would write another. She did so, and made the affidavit upon which this case is being prosecuted. She accompanied the witness and made the affidavit gladly, as though she wanted the defendant punished.

The motion for new trial raised the questions discussed in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. There is not a particle of evidence in the record showing the venue of the offense, and because of the absence of such evidence the conviction must be set aside.

It was error to admit, over defendant's objections, the testimony of the witness Spears as to what the prosecuting witness, Ollie Clayton, told him about the alleged assault on the day after the occurrence, and as to the blood he saw upon the floor of her house, and her statements as to how the blood came to be there. This testimony was hearsay — was not *res gestœ* — and should have been rejected. (Whart. Crim. Ev., sec. 264; 1 Greenl. Ev., sec. 110.)

The prosecuting witness, Ollie Clayton, having testified on cross-examination by the defendant that she was induced by the county attorney to make the affidavit against defendant, upon which this prosecution is based, we think it was proper to admit evidence on the part of the State rebutting and contradicting this statement. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered May 10, 1884.